RHEA A. MUDGE, PLAINTIFF-RESPONDENT, v. JOHN BARRY DI NOLA, EXECUTOR, AND DIANE LYNN RUBIN, EXECUTRIX OF THE ESTATE OF JACK DI NOLA, DECEASED, DEFENDANTS-APPELLANTS.

Argued February 22, 1971—Decided March 22, 1971.

*Mr. Burton Peskin* argued the cause for appellants (*Messrs. Jamieson, Walsh, McCardell, Moore and Peskin,* attorneys).

*Mr. William Henry Lawton* argued the cause for respondent.

PER CURIAM. Plaintiff, a member of the Bar, brought this action against the estate of a deceased member of the Bar, upon an agreement for the division of fees paid the deceased by a client plaintiff referred to him. The case was tried without a jury. Plaintiff prevailed. On the assumption that the case involved the effect of a violation of Canon 34, relating to fee-splitting, upon plaintiff's right to recover, we certified defendants' appeal before argument in the Appellate Division.

It now appears that the question is not involved, since there is no evidence that the division of the fee was other than in accordance with the Canon. Rather the issue is whether plaintiff carried her burden of proof with respect

to the alleged agreement, and did so in the light of the Dead Man's statute, *N. J. S. A.* 2A:81–2. It is impossible, upon the record before us, to quarrel with the trial judge's finding.

It was asserted before us that the deceased endorsed a note on a bank loan made by the client to accomplish the payment of the fee, and that after the entry of judgment, the client defaulted. There is reserved to defendants leave to seek in the trial court an appropriate modification of the judgment upon those alleged facts. Subject to that reservation, the judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.